

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2010

# USA v. Gelean Mark

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation
"USA v. Gelean Mark" (2010). *2010 Decisions.* Paper 23.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/23

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 09-4742
_____

UNITED STATES OF AMERICA

v.

GELEAN MARK
also known as
Kerwin,
                    Appellant


Appeal from the District Court of the Virgin Islands,
Division of St. Thomas and St. John
(Crim. No. 3-09-cr-00020-001)
District Judge: Hon. Curtis T. Gomez, Chief Judge

Submitted pursuant to Third Circuit LAR 34.1(a)
Monday, December 13, 2010

Before: McKEE, Chief Circuit Judge, FUENTES and SMITH, Circuit Judges

(Opinion filed:    December 29, 2010 )

OPINION

McKEE, Chief Judge.

Gelean Mark appeals the district court's order denying his motion to dismiss the indictment against him. For the reasons set forth below, we will affirm.

Because we write primarily for the parties, and because the district court has set forth the factual and procedural history of this case, we need not repeat them here. Mark appeals the district court's order denying his motion to dismiss the indictment. He argues that the indictment violates the Double Jeopardy Clause of the United States Constitution. U.S. Const. Amend V.

Mark incorrectly argues he has been charged with a Continuing Criminal Enterprise under 21 U.S.C. § 848 in this indictment. *See* Appellant's Br. at 15, 20. The indictment in this criminal case charges him with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq. See* Jt. Appx. 151-157 (indictment).

We have previously held that "[t]he language and legislative history of RICO indicates little doubt that Congress, in enacting RICO, sought to allow the separate prosecution and punishment of predicate offenses and a subsequent RICO offense." *United States v. Grayson*, 795 F.2d 278, 282 (3d. Cir. 1986). Therefore, "successive prosecutions for a RICO offense and its underlying predicate offenses are not inconsistent with the Double Jeopardy clause." *Id.* at 283.

Accordingly, we affirm the district court's orders substantially for the reasons set for in the district court's Memorandum and Opinion without further elaboration.